PEOPLE v. McGUINNESS.

(*Supreme Court, General Term, First Department.* June 26, 1891.)

1. CRIMINAL LAW—CONTINUANCE—GOOD FAITH OF COUNSEL.
   On an application for a continuance of a criminal case it appeared that, when the case was called, defendant's counsel requested a postponement until the next day, when he would be ready for trial. When the case was again called, on the next day, defendant's counsel was engaged in the trial of a cause in another part of the court. It did not appear that counsel represented to the judge holding the other branch of the court that he was under an absolute engagement to try defendant's

case. *Held*, that it did not appear that counsel made any honest effort to be ready to go on with the trial when it should be called, and the continuance was properly refused.

2. RAPE—EVIDENCE.

On an indictment for rape it appeared that prosecutrix told an officer that she had been assaulted, and her hair and clothing were at the time covered with dirt. She described to the officer the men who had assaulted her, and stated that one of them had lost his hat. The officer saw three men across the street, one of whom (defendant) had no hat, and started to run when he saw the officer. Defendant's knees were wet and muddy, and the prosecutrix identified him as one of her assailants. Defendant, when arrested, made contradictory statements as to the loss of his hat. *Held*, that the evidence was sufficient to sustain a conviction.

Appeal from court of general sessions, New York county.

Thomas McGuinness was indicted for rape alleged to have been committed on the person of. one Mary McGill, and from a judgment of conviction he appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Purdy & McLaughlin*, for appellant. *De Lancey Nicoll*, Dist. Atty., (*McKenzie Semple*, Asst. Dist. Atty., of counsel,) for the People.

VAN BRUNT, P. J. The appellant and one Joseph Kearney were indicted in the court of general sessions for a rape on one Mary McGill, on the 17th November, 1890. The appellant was tried separately, and, when the case was moved, Mr. Purdy, whom he had retained as his counsel, was absent, being then actually engaged in the trial of a case in another part of the same court. The court thereupon assigned Mr. Hooper to conduct the defense, to which McGuinness objected, desiring to be defended by Mr. Purdy. Mr. Hooper also objected, on the ground that he knew nothing about the case; but the court directed the trial to proceed. It appeared from the record that the case was upon the calendar the day before, and that, as a special favor, Mr. Purdy had requested that the trial might be adjourned to the next day, when he would positively be ready to try the case. That Purdy was engaged in the trial of a case at the time this case was called for trial is undoubtedly true. But it nowhere appears from anything in the affidavits presented upon the motion for a new trial, nor from anything in the proceedings upon the trial itself, that Purdy made any representation to the judge holding the other branch of the court that he was under an engagement absolutely to try this case, and endeavored to be excused. It would appear, therefore, that the counsel made no honest effort to be ready to go on with the trial when it was called for trial in pursuance of his stipulation and agreement with the court. It was certainly the manifest duty of the court to enforce the agreement of counsel, made with the court as a condition of the granting of a favor, that he would go on and try the case in question. There was no error whatever, therefore, in compelling the defendant to go to trial, where there was an evident attempt to further postpone the case after a stipulation to try given as the condition of a favor.

It is claimed that the judgment should be reversed on the ground that the evidence was insufficient to warrant a conviction, and that the court had erred in the admission of evidence. It is not necessary, in the disposition of this objection, that the testimony which tended to establish the charge should be set out at length. The criticisms passed upon the testimony of the plaintiff —its suspicious circumstances, etc.—were all considered by the jury, and they seem to have had with them all the weight to which they were entitled. The evidence tending to support the charge against the defendant was of more than ordinarily satisfactory character. That she was assaulted by these ruffians is established beyond doubt. But it is claimed that there is no corroborative evidence sufficient to establish the charge of rape. And why? Because as soon as she escaped, in appealing to an officer, she stated that she had been assaulted, and in another case it appeared that she was telling her

story and seeking protection. Under these circumstances, in view of the evidence in the case, it was for the jury to determine whether the complainant did not make a prompt complaint, embracing everything that was necessary for her to state in order to convey the information that she had been ravished, and that was what she meant when she said she had been assaulted on the dock. We find, further, from the undisputed evidence, that this woman's clothing and hair were covered with dirt and mud. It further appears that the officer, getting a description from her of one of the men who had assaulted her, and it having been further stated by her that one of the persons who assaulted her had lost his hat, saw upon the opposite side of the street three men, one of whom (the appellant) had no hat on, and who started to run as soon as he saw the officer, but stopped upon the officer's threat to shoot, who arrested him, and took him into the presence of the complainant, who identified him as one of her assailants. His knees were wet and muddy, and he at first said Kearney had been with him, but afterwards that nobody was with him. His statement also in regard to the disappearance of his hat was established to be untrue. All this evidence, taken together, forms a more than ordinarily strong case tending to establish the guilt of the accused. The claim that is made of a variance between the time when the crime took place and the time alleged in the indictment does not seem to be at all material. It was alleged in the indictment as committed on the 17th, whereas it appears to have been committed on the 18th. This was an entirely immaterial variance, which might have been the subject of an amendment, had the attention of the court been called to the same. As to the claim of error in the admission of evidence, no exceptions whatever were taken; and, upon an examination of the record, it does not seem that the appellant has received any injury because of the admission of any incompetent or improper evidence. The conviction should be affirmed. All concur.